TUCKER ELLIS LLP
MOLLIE F. BENEDICT SBN 187084
mollie.benedict@tuckerellis.com
MONEE TAKLA HANNA SBN 259468
monee.hanna@tuckerellis.com
515 S. Flower Street, 42nd Floor
Los Angeles, CA 90071
Telephone:  213.430.3400
Facsimile:  213.430.3409

TUCKER ELLIS LLP
DUSTIN B. RAWLIN (*pro hac vice application forthcoming*)
dustin.rawlin@tuckerellis.com
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone:  216.592.5000
Facsimile:  216.592.5009

Attorneys for Defendant MENTOR WORLDWIDE LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

REXINA MIZE, an individual; MINH NGUYEN, an individual;

Plaintiffs,

v.

MENTOR WORLDWIDE, LLC; JOHNSON & JOHNSON; ETHICON, INC.; and DOES 1-100, inclusive,

Defendants.

Case No.  2:17-cv-1747

**DEFENDANT MENTOR WORLDWIDE LLC'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**

JURY TRIAL DEMANDED

Complaint Filed: February 2, 2017

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Mentor Worldwide LLC ("Mentor"), through undersigned counsel, hereby timely removes this case from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California, Western Division. Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

TUCKER ELLIS LLP

Chicago ● Cleveland ● Columbus ● Denver ● Houston ● Los Angeles ● San Francisco ● St. Louis

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

1. On or about February 2, 2017, Plaintiffs Rexina Mize and Minh Nguyen filed a Complaint captioned *Rexina Mize, et al. v. Mentor Worldwide LLC, et al.*, Case No. BC649083 (the "State Court Action") in the Superior Court of California, County of Los Angeles. The Complaint names as defendants Mentor Worldwide LLC, Johnson & Johnson, and Ethicon, Inc. (collectively, "Defendants").

2. As required by section 1446(a), a true and correct copy of the Complaint in this action is attached as Exhibit A.

3. Plaintiff Rexina Mize ("Plaintiff") alleges that Defendants manufactured MemoryGel silicone breast implants that caused her various injuries. *See* Complaint ("Compl."), ¶¶ 123–130 (Attached as Exhibit A to Declaration of Monee Takla Hanna ("Hanna Decl.")). Plaintiff asserts claims against Defendants for negligence and negligence per se, strict products liability – failure to warn, strict liability – manufacturing defect, and breach of implied warranty. *Id*. ¶¶ 131–241. Plaintiff Minh Nguyen also asserts a claim for loss of consortium. *Id*. ¶¶ 242–246.

# I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).

4. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Mentor has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

## A.   Complete Diversity of Citizenship Exists Between Plaintiffs and Defendants.

4. Plaintiffs Rexina Mize and  Mihn Nguyen allege that they are citizens and residents of Los Angeles County, California. Plaintiffs are therefore citizens of  the State of California for purposes of section 1332(c)(1). *See* Compl. ¶¶ 15–16.

5. Mentor is a limited liability company organized and existing under the laws of the State of Delaware. Mentor's sole member is, and was at the time the Complaint

was filed, Ethicon, Inc.  Ethicon, Inc. is, and was at the time the Complaint was filed, a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey.  Accordingly, Ethicon is a citizen of New Jersey.  A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Hale v. Mastersoft Int'l Pty. LTD*, 93 F. Supp. 1108, 1112 (D. Colo. 2000) (explaining that "courts . . . have uniformly held that a limited liability company is a citizen of the states of which its members are citizens, and is not a citizen of the state in which it was organized unless one of its members is a citizen of that state[,]" and holding that limited liability company organized in Delaware, whose two members were Colorado citizens, was a citizen only of Colorado and not Delaware for purposes of determining whether diversity jurisdiction existed) (citing supporting authority).  Accordingly, for purposes of section 1332(c)(1), Mentor and Ethicon, Inc. are citizens of the State of New Jersey.

6.     Johnson & Johnson is, and was at the time the Complaint was filed, a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey.  Accordingly, Johnson & Johnson is a citizen of New Jersey.

7.     The Complaint includes a number of fictitious defendants, whose citizenships are ignored for removal purposes.  28 U.S.C. § 1441(b).

8.     Complete diversity exists between Plaintiffs and Defendants, thus satisfying 28 U.S.C. § 1332(a)(1).

**B.  The Amount in Controversy Requirement is Satisfied.**

4.     Removal is proper under section 1446(c)(2)(B) if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

---

[1] The preponderance of the evidence standard was announced in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758.  According to the House

TUCKER ELLIS LLP
Chicago ● Cleveland ● Columbus ● Denver ● Houston ● Los Angeles ● San Francisco ● St. Louis

5.      Under section 1446(a), a defendant seeking to remove a case must include in its notice of removal "a short and plain statement of the grounds for removal."  The Supreme Court has explained that "by borrowing the familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R. Rep. No. 100-889, p. 71 (1988) (internal quotation marks omitted)).  To satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation.  *Id.* at 551 (quoting *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192, 200 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint'").[2]

---

Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

[2] If a court questions a defendant's amount-in-controversy allegation, the court *must* give the parties an opportunity to present evidence relating to the allegation and only then decide whether the preponderance of that evidence shows that the amount in controversy is met. *See Dart*, 135 S. Ct. at 554 ("Evidence establishing the amount is required . . . when . . . the court questions[] the defendant's allegation."); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015) (same).  In other words, a court may not sua sponte remand a removed case based on a deficient amount-in-controversy allegation before giving the defendant an opportunity to cure the alleged deficiency.  *See, e.g., Ellenburg*, 519 F.3d at 194, 197–98; *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295–96, 1298 (11th Cir. 2009); *accord Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (explaining that a district court has no authority to remand a removed action sua sponte based on a purported procedural defect in the notice of removal); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (same); *Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) (explaining that failure to allege amount in controversy constitutes a "procedural defect" that does not undermine jurisdiction).

DEFENDANT MENTOR WORLDWIDE LLC'S NOTICE OF REMOVAL

3042800.1

6.      In the Ninth Circuit, a removing defendant need show only that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Where, as here, the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001).  Here, it is facially evident from the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as to each plaintiff.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

7.      Plaintiffs' Complaint alleges that as a result of Mentor's conduct Plaintiff "suffered  and will continue to suffer severe physical injuries, severe emotional distress, mental anguish, economic loss, future follow-up medical care, medical treatment." Compl. ¶ 176.   The Complaint specifically alleges that after being implanted with Mentor's MemoryGel Silicone breast implants, Plaintiff experienced "extreme and chronic joint fatigue, muscle pain, muscle weakness, muscle cramps, bone pain, swelling in her joints, stiffness in her joints, severe memory loss, mental confusion, irritability, shortness of breath, severe migraines, itching, nausea, dizziness, numbness in her extremities, vision dysfunction, skin rashes, signs of silicone toxicity, autoimmune issues, weight gain, hormonal problems, heart palpitation, and extreme sensitivity to coldness." *Id*. ¶ 125. The Complaint further alleges that Plaintiff had to give up her music and singing in her band and lost several business opportunities as a result of her chronic fatigue and other symptoms. *Id*.   Plaintiff Spouse, Minh Nguyen, asserts an additional claim for loss of consortium and alleges that he suffered and will continue to suffer the loss of his wife's consortium, companionship, society, affection, service and support. *Id*. ¶¶ 242–246.   Plaintiffs seek compensatory damages, economic and non-economic damages, and pre-judgment interest. *Id*. at  "RELIEF REQUESTED" paragraph.

/ / /

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ● Cleveland ● Columbus ● Denver ● Houston ● Los Angeles ● San Francisco ● St. Louis

8.      In addition, Plaintiffs seek punitive damages.  *See, e.g.*, Compl. ¶¶ 247–252. "It is well established that punitive damages are part of the amount in controversy in a civil action."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

9.      Therefore, analyzing the Complaint in a light most favorable to Plaintiffs while not admitting liability for any amount, the amount of damages alleged to be in controversy for Plaintiffs will reasonably exceed $75,000.00, exclusive of interests and costs.  *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that amount in controversy exceeded jurisdictional threshold because complaint alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework")); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (noting that the Ninth Circuit has "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any summary judgment-type evidence relevant to the amount in controversy at the time of removal").

10.     Moreover, reported verdicts and settlements in cases with damage allegations similar to this case have exceeded $75,000.  *See, e.g., Brazell v. Chadwick*, 2010-EV-011176-Y, 2014 WL 2567535 (Ga. Super., Fulton Cty., Jan. 24, 2014) (verdict of $125,000 for plaintiff who suffered disfigurement, tissue loss, and breast asymmetry and required implant removal after bilateral breast augmentation surgery);  *Siravo v. Manstein,* Case No. 2008-24237, 2013 WL 5716741 (Pa.Com.Pl. July 19, 2013) (verdict of $175,000 for plaintiff who suffered breast disfigurement*,* scarring, embarrassment, and emotional distress after bilateral breast reduction surgery); *Waite v. Lincenberg,* Case No. 2010CV187413, 2011 WL 8002905 (Ga. Super., Fulton Cty., Sept. 22, 2011) (verdict of $170,000 for plaintiff who suffered disfigurement, pain, and emotional distress after bilateral breast reduction surgery); *Schwartz v. Terrasse,* Case No. 07 L 828, 2011 WL

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

4389420 (Ill. Cir. Ct., Lake Cty., June 21, 2011) (verdict of $425,000 for plaintiff who suffered disfigurement after bilateral breast reduction surgery); *Severance v. Landsman*, Case No. 4575/2006, 2011 WL 7461741 (N.Y. Sup., Suffolk Cty., May 17, 2011) (verdict of $1,250,000, including $500,000 for past pain and suffering and loss of enjoyment of life, for plaintiff  who suffered breast disfigurement, scarring, embarrassment, self-consciousness and underwent several surgeries after an initial breast asymmetry surgery); *Ellsworth v. Elwood*, Case No. 06-L-115 (Peoria Cty., Ill.  Apr. 7, 2009) (verdict of $330,000 for plaintiff who suffered breast disfigurement after a bilateral breast reduction surgery); *Swanson v. Pummill*, Case No. 07-87620 (Genesee Cty., Mich. April 3, 2009) (verdict of $364,000 for plaintiff who suffered breast disfigurement, pain, suffering, and mental anguish affecting her activities of daily living after surgery to remove breast implants); *Angela L. v. Saks*, Case No. YC056541, 2008 WL 6298055 (Los Angeles Cty., Cal. 2008) (settlement of $400,000 for plaintiff who suffered breast disfigurement after breast augmentation surgery); *Call v. Keiter*, Case No. 030903501, 2009 Jury Verdicts LEXIS 237703 (Weber Cty., Utah 2008) (verdict of $108,522 for plaintiff who, following a breast implant procedure, developed an infection requiring removal and replacement of the implant resulting in deformity); *Dicicco v. Cattani*, No. 11366/03, 2007 NY Jury Verdicts Review LEXIS 746 (N.Y. 2007) (verdict of $737,000, including $400,000 for past pain and suffering, for plaintiff who suffered breast disfiguring scarring and underwent multiple surgeries after an initial breast augmentation surgery);  *Davis v. Rai*, Case No. 05-8226-G (Dallas Cty., Tex. 2007) (verdict of $165,000, including $100,000 for future pain and mental anguish, for plaintiff who suffered breast disfigurement and underwent multiple surgeries following an initial breast augmentation surgery); *Karachum v. Wasserstrum*, Case No. BER-L-3731-02, 2004 Jury Verdicts LEXIS 40368 (Bergen Cty., N.J. 2004)  (verdict of $1,500,000 for plaintiff who suffered from permanent breast disfigurement after reduction surgery); *Raviv v. Tiller*, Case No. 00-11955 (Miami-Dade Cty., Fla. 2003) (verdict of $155,000 for plaintiff who experienced pain, breast disfigurement, and humiliation after initial breast augmentation);

*Kelley v. Stromberg*, Case No. 00CC-001066 (St. Louis Cty., Mo. Apr. 17, 2002) (verdict of $300,000 returned for plaintiff who suffered breast disfigurement after reconstruction); *Allbritton v. Zachariah*, Case No. 768844 (Santa Clara Cty., Cal. July 28, 2000) (verdict of $186,200 increased by court to $226,072 to include interest and costs in breast disfigurement and multiple surgeries case); *Grimes v. Baxter Healthcare Corp.*, Case No. 93-8828-E (Dallas Cty., Tex. 1995) (verdict of $400,000 for plaintiff who suffered injuries due to rupture of breast implant, including pain, mental anguish, disfigurement, impairment, and medical expenses). Although Mentor intends to vigorously defend the allegations in the Complaint, courts often look to jury verdicts in comparable cases to determine the amount in controversy. Copies of these verdict reports are attached as Exhibit B to the Hanna Declaration.

## II.   MENTOR HAS SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL

11.   This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which allows a defendant to remove a case within thirty days of receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

12.   Mentor Worldwide LLC was served on February 3, 2017. Johnson & Johnson and Ethicon, Inc. were served on February 8, 2017. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

13.   Johnson & Johnson and Ethicon, Inc. consent to removal.

14.   The Superior Court of California, County of Los Angeles is located within the Central District of California. *See* 28 U.S.C. § 84(c)(2). Removal to this Court under section 1441(a) is proper because the Central District of California is the "district and division embracing the place where such action is pending."

15.   In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders received is attached as Exhibit A to the Hanna Declaration.

/ / /

/ / /

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

16.    Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court of California, County of Los Angeles.

17.    Defendants reserve all defenses to Plaintiffs' claims.

ACCORDINGLY, Mentor removes this action and gives notice to Plaintiffs and to the Superior Court of California, County of Los Angeles, that the State Court Action shall proceed no further pursuant to 28 U.S.C. § 1446(d).


DATED:  March 3, 2017                              TUCKER ELLIS LLP


                                                   By:  /s/ *Monee Takla Hanna*
                                                        MONEE TAKLA HANNA
                                                        Attorneys for Defendant MENTOR
                                                        WORLDWIDE LLC

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

DEFENDANT MENTOR WORLDWIDE LLC'S NOTICE OF REMOVAL

3042800.1