Jennifer A. Lenze (CA # 246858)
Jaime E. Moss (CA # 285761)
**LENZE MOSS, PLC**
1300 Highland Ave, Suite 207
Manhattan Beach, CA 90266
Telephone (310) 322-8800
Facsimile (310) 322-8811
jlenze@lenzelawyers.com
moss@lenzelawyers.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REXINA MIZE, an individual; MINH NGUYEN, an individual; <br><br> Plaintiffs, <br><br> v. <br><br> MENTOR WORLDWIDE LLC; JOHNSON & JOHNSON; ETHICON, INC.; and DOES 1-100, inclusive, <br><br> Defendants. | Case No. 2:17-cv-01747-DMG-KS <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER** <br><br> Time: 9:30 a.m. <br> Date: May 5, 2017 <br> Judge: Honorable Dolly M. Gee <br> Courtroom: 8C |

### NOTICE OF MOTION TO REMAND TO STATE COURT

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN THAT ON May 5, 2017 at 9:30 a.m., before the Honorable Judge Dolly M. Gee in Courtroom 8C, on the 8th Floor of the U.S. District Court for the Central District, located at 350 West 1st Street, Los Angeles, CA 90012, Plaintiffs will and hereby do move the Court for an Order remanding this action to the Superior Court of Los Angeles, State of

California, pursuant to 28 U.S.C. § 1447, on the grounds that this Court lacks jurisdiction over this action.

Plaintiffs' grounds for respectfully requesting remand include that diversity jurisdiction does not exist under 28 U.S.C. § 1332 because Plaintiffs are citizens of California and Defendant Mentor should be considered a citizen of California, and therefore Defendant Mentor's removal violates the forum defendant rule codified under 28 U.S.C. § 1441(b)(2).

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities and the Exhibits thereto, and on the papers, records, and pleadings on file herein, and such argument as the Court may allow.

DATED:  April 4, 2017                   **Respectfully Submitted,**


By: /s/ Jennifer A. Lenze
Jennifer A. Lenze, Esq.
Jaime E. Moss, Esq.
LENZE MOSS, PLC

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

I.  INTRODUCTION ...............................................................................................1

II.  STANDARD ....................................................................................................2

III.  ARGUMENT ..................................................................................................3

    A.  While Citizenship of an LLC Under Existing Law Is The State of Each Member, Defendant Mentor Worldwide LLC's Headquarters and Operations Are Located in California .....3

       1.  All Facts Illustrate that Defendant Mentor is Based in California.....................................3

       2.  Citizenship of Limited Liability Companies.........................................................5

       3.  Public Policy Should Disfavor Citizenship of Limited Liability Companies, Including Defendant Mentor Worldwide LLC, When Operations and Headquarters Are Located in California .....................................................6

    B.  Removal Violates the Forum Defendant Rule.................................................10

IV.  CONCLUSION ...............................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Brewer v. SmithKline Beacham Corp.*
(E.D. Pa. 2011) 774 F.Supp.2d 720, 730 ...........................................................6

*Capon v. Monopoly Game LLC*
(2011) 193 Cal.App.4th 344, 357 .......................................................................8

*Cosgrove v. Bartolotta*
(7th Cir. 1998) 150 F.3d 729, 731 ......................................................................5

*Gaus v. Miles, Inc.*
(9th Cir. 1992) 980 F.2d 564, 566 ......................................................................2

*Global Transactions, LLC v. Global Spectrum Pico Pte., Ltd.,*
No. CIV.A. 12-7208, 2013 WL 842712, at *4 (E.D. Pa. Mar. 7, 2013) .........11

*In re Avandia Marketing, Sales Practices and Products Liability Litigation*
(E.D. Pa. 2009) 624 F.Supp.2d 396, 410 ...........................................................2

*International Flavors and Textures, LLC v. Gardner*
(W.D. Mich. 1997) 966 F.Supp. 552, 553 ..........................................................8

*Johnson v. Columbia Properties Anchorage, LP*
(9th Cir. 2006) 437 F.3d 894, 899 ......................................................................7

*Johnson v. SmithKline Beecham Corp.*
(3d Cir. 2013) 724 F.3d 337, 348 .....................................................................5,6

*Lively v. Wild Oats Markets, Inc.*
(9th Cir. 2006) 456 F.3d 933, 935 ..................................................................11,12

*Matheson v. Progressive Specialty Ins. Co.*
(9th Cir. 2003) 319 F.3d 1089, 1090 ..................................................................2

*Morris v. Princess Cruises, Inc.*
(9th Cir. 2001) 236 F.3d 1061, 1067 ..................................................................2

*Padilla v. AT & T Corp.*
(C.D. Cal. 2009) 697 F.Supp.2d 1156, 1157 ......................................................8

*Spencer v. U.S. Dist. Court for Northern Dist. of Ca.*
(9th Cir. 2004) 393 F.3d 867, 870 ......................................................................2

*Spencer v. U.S. Dist. Ct. N.D. Cal.*
*(Altec Indus., Inc.)*, 393 F.3d 867, 870 (9th Cir. 2004) .....................................11

*Tourigny v. Symantec Corporation*
  (N.D. Cal. 2015) 110 F.Supp.3d 961, 962 ...................................................................2

*TPS Utilicom Services, Inc. v. AT & T Corp.*
  (C.D. Cal. 2002) 223 F.Supp.2d 1089, 1101 ...........................................................5

**Rules**
28 U.S.C. § 1332 ....................................................................................... passim
28 U.S.C. § 1332(a)(1) ........................................................................................2
28 U.S.C. § 1332(c)(1) ........................................................................................5
28 U.S.C. § 1441(b) ................................................................................... passim
28 U.S.C. § 1441(b)(2) .............................................................................. passim

**Other Authorities**
Calif. Corps. Code § 17701.01 ...........................................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

I.      **INTRODUCTION**

Plaintiff Rexina Mize and her spouse, Plaintiff Minh Mize, filed this action in Los Angeles Superior Court on February 2, 2017, against Defendants MENTOR WORLWIDE LLC ("MENTOR"); JOHNSON & JOHNSON ("JOHNSON & JOHNSON"); ETHICON, INC. ("ETHICON"); and DOES 1 through 100, inclusive, (hereinafter collectively referred to as "Defendants"). Defendant Mentor was served on February 6, 2017, and Defendants Johnson & Johnson and Ethicon were served on February 8, 2017. On March 3, 2017, Defendant Mentor removed this case (the "Removal"), alleging that this is a diversity action pursuant to 28 U.S.C. § 1332.

At the core of this case we have Plaintiffs who are citizens of, and were injured in California, and a Defendant company who has its headquarters, operations, and makes decisions in California. To remove this case goes against the traditional theory that federal diversity jurisdiction was intended to protect non-forum defendants from any biases they may experience in state court.

Mentor's assertions that complete diversity of citizenship exists between Plaintiffs and Defendants to give this Court jurisdiction over this action should be considered incorrect. When there are multiple defendants, complete diversity requires that each plaintiff be a citizen of a different state from each defendant – complete diversity does not exist here because Plaintiffs are citizens of California, and Defendant Mentor, while a limited liability company, resides in California. Additionally, Mentor is both the removing party and forum defendant, making removal improper as a violation of the forum defendant rule under 28 U.S.C. § 1441(b)(2).[1] Plaintiffs respectfully request the Court to remand this action.

---

[1] Under the Forum Defendant Rule, 28 U.S.C. § 1441(b), "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332 (a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The statute prohibits removal of a case in which a defendant is a citizen of the forum state ("forum defendant").

II.     **STANDARD**

Federal courts are courts of limited jurisdiction and a state court civil action may be removed to federal court only if the district court has "original jurisdiction" over the matter. 28 U.S.C. § 1441(a); *Tourigny v. Symantec Corporation* (N.D. Cal. 2015) 110 F.Supp.3d 961, 962. A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Courts strictly construe the removal statute against finding jurisdiction, and the party invoking federal jurisdiction, Defendant Mentor, bears the burden of establishing that removal was appropriate. *Tourigny v. Symantec Corporation* (N.D. Cal. 2015) 110 F.Supp.3d 961, 962; *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566. Any doubts regarding removal jurisdiction are construed against Defendant and in favor of remanding the case to state court. *See Tourigny v. Symantec Corporation* (N.D. Cal. 2015) 110 F.Supp.3d 961, 962; *Matheson v. Progressive Specialty Ins. Co.* (9th Cir. 2003) 319 F.3d 1089, 1090.

Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants. 28 U.S.C. § 1332(a)(1); *Morris v. Princess Cruises, Inc.* (9th Cir. 2001) 236 F.3d 1061, 1067. If complete diversity does not exist, then an action must be remanded for lack of jurisdiction.

The forum-defendant rule, codified under 28 U.S.C. § 1441(b) is merely one example indicating that Congress disfavors removal. Removal is not permitted where one defendant is a citizen of the State in which such action is brought. A forum defendant cannot remove the case to federal court once properly joined and served. 28 U.S.C. § 1441(b)(2); *Tourigny v. Symantec Corporation* (N.D. Cal. 2015) 110 F.Supp.3d 961, 963. The presence of a local defendant at the time removal is sought bars removal. *Spencer v. U.S. Dist. Court for Northern Dist. of Ca.* (9th Cir. 2004) 393 F.3d 867, 870. A district court should remand an action it finds to have been removed in violation of the forum defendant rule. *In re Avandia Marketing, Sales Practices and Products Liability Litigation* (E.D. Pa. 2009) 624 F.Supp.2d 396, 410.

III.   **ARGUMENT**

A.   **While Citizenship of an LLC Under Existing Law Is The State of Each Member, Defendant Mentor Worldwide LLC's Headquarters and Operations Are Located in California**

1.   **All Facts Illustrate that Defendant Mentor is Based in California**

Defendant Mentor, in its Removal, alleges that this Court has subject matter jurisdiction because the action is between citizens of different states. *Removal* ¶ 4, 5. Upon information and belief as was asserted in Plaintiffs' Complaint, Defendant Mentor is a company incorporated under the laws of the State of California, with its principal place of business located at 201 Mentor Drive, Santa Barbara, California, 93111, and its headquarters located at 33 Technology Drive, Irvine, California, 92618. *Complaint,* ¶ 17, 18. All publically available information points to the fact that Defendant Mentor is located in California:

- The Premarket Approval Letter from the Food and Drug Administration ("FDA") for Defendant Mentor's MemoryGel Silicone Gel-Filled Breast Implants was addressed to Kristine Foss, Vice President of Clinical and Regulatory Affairs for Mentor Corporation, located at 201 Mentor Drive, Santa Barbara, California 93111.
- Defendant Mentor's "Summary of Safety and Effectiveness Data" for its MemoryGel Silicone Gel-Filled Breast Implants lists the Applicant as: Mentor Corporation, located at 201 Mentor Drive, Santa Barbara, California 93111.
- Defendant Mentor's mailing address is listed at: Mentor Worldwide LLC, 33 Technology Drive Irvine, CA 92618.[2]



- Defendant Mentor's Customer Quality Department is listed at: Mentor Worldwide

[2] http://www.mentorwwllc.com/global-us/AboutUs.aspx , last visited March 8, 2017.

3

LLC, 33 Technology Drive Irvine, CA 92618.[3]

- Defendant Mentor's corporate inquiries are directed to their Corporate Offices, located at 201 Mentor Drive, Santa Barbara, California 93111.[4]

**Corporate Offices**
**201 Mentor Drive**
**Santa Barbara, CA 93111**

- Defendant Mentor's Corporate Offices are located at: 33 Technology Drive Irvine, CA 92618.[5]



**Mentor Worldwide LLC**

Corporate Offices
33 Technology Drive
Irvine, CA 92618

- Defendant Mentor directs media inquiries to: 33 Technology Drive Irvine, CA 92618.[6]

Media Inquiries
Director, Corporate Communication
c/o Mentor Worldwide LLC
33 Technology Drive
Irvine, CA 92618

- Defendant Mentor's address on the California Secretary of State is listed at: 201 Mentor Drive, Santa Barbara, California 93111.

- Defendant Mentor moved its headquarters to Santa Barbara, California in 1985.[7]

---

[3] http://www.mentorwwllc.com/global-us/WarrantyInformation.aspx ; https://www.mentordirect.com/Contact.aspx , last visited March 8, 2017.

[4] http://www.mentorwwllc.com/about/contactus.htm , last visited March 8, 2017.

[5] https://www.mentordirect.com/Contact.aspx , last visited March 8, 2017.

[6] https://www.mentordirect.com/Contact.aspx , last visited March 8, 2017.

[7] *Complaint,* ¶ 18; http://www.mentorwwllc.com/global-us/aboutus.aspx?section=International , last visited March 8, 2017.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMAND

- Defendant Mentor's Corporate Headquarters is listed at: Santa Barbara, California 93111.[8]

CORPORATE HEADQUARTERS
Santa Barbara, CA 93111 USA
www.mentorcorp.com

- Dun & Bradstreet, a company that provides information on commercial data, lists Defendant Mentor Worldwide LLC at: 33 Technology Drive Irvine, CA 92618.

### 2. Citizenship of Limited Liability Companies

Under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. According to this statute, Defendant Mentor would be a citizen of Delaware and California. However, Defendant Mentor is a limited liability company ("LLC").

The citizenship of a limited liability company "is determined by the citizenship of each of its members." *Johnson v. SmithKline Beecham Corp.* (3d Cir. 2013) 724 F.3d 337, 348. Following prior decisions about treatment of partnerships for diversity purposes, the *Cosgrove* Court addressed the citizenship of limited liability companies. *Cosgrove v. Bartolotta* (7th Cir. 1998) 150 F.3d 729, 731. The court noted that "given the resemblance between an LLC and a limited partnership, and what seems to have crystallized as a principle that members of associations are citizens for diversity purposes unless Congress provides otherwise (as it has with respect to corporations, in 28 U.S.C. § 1332(c)(1)), [citations omitted], we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Id.* Other courts fell in line by following the same rule - A limited liability company is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction. *TPS Utilicom Services, Inc. v. AT & T Corp.* (C.D. Cal. 2002) 223 F.Supp.2d 1089, 1101. For diversity, the citizenship of each member of the partnership must be considered. *Id.* The place of organization of an LLC is not relevant to its citizenship for diversity purposes. *Id.* at 1102.

However, under the delegation theory in *Johnson*, although rejected by the Third Circuit,

---

[8] https://www.yourbreastoptions.com/en-gb/YBOPDF/Mentor-Warranty-Flyer-280910.pdf , last visited March 9, 2017.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMAND

the plaintiffs argued that GSK Holdings had the exclusive right and power to control, direct, run, manage, and operate GSK LLC, but instead opted not to retain that power and decision-making authority and delegated it to GSK LLC's offers and directors. *Johnson v. SmithKline Beecham Corp.* (3d Cir. 2013) 724 F.3d 337, 349; *Brewer v. SmithKline Beacham Corp.* (E.D. Pa. 2011) 774 F.Supp.2d 720, 729.[9] The plaintiffs further argued that GSK LLC's corporate activities far outweighed GSK Holdings' other limited holding-company functions, and thus its principal place of business should be in Philadelphia. "As *Brewer* put it, because '[GSK] Holdings has effectively transplanted the vast majority of its 'brain' or 'nerve center' to its managers in Philadelphia,' it must be considered a Pennsylvania citizen." *Johnson v. SmithKline Beecham Corp.* (3d Cir. 2013) 724 F.3d 337, 349–50; *Brewer v. SmithKline Beacham Corp.* (E.D. Pa. 2011) 774 F.Supp.2d 720, 730. The Third Circuit turned its focus to the citizenship of GSK Holdings.

### 3. Public Policy Should Disfavor Citizenship of Limited Liability Companies, Including Defendant Mentor Worldwide LLC, When Operations and Headquarters Are Located in California

While under existing law Defendant Mentor's status as an unincorporated entity is determinative of its citizenship, under public policy it should be treated like a corporation for purposes of determining citizenship. As part of the 2015 American Bar Association's ("ABA") Annual Meeting, the ABA House of Delegates urged Congress to pass sweeping changes to the laws regarding federal diversity jurisdiction over unincorporated businesses. The initiative urged Congress to amend the federal diversity statute, 28 U.S.C. § 1332, to provide that unincorporated

---

[9] The *Brewer* pharmaceutical liability cases were brought by plaintiffs in Pennsylvania state court against an operating limited liability company, which was organized under the laws of Delaware, whose sole member was a holding company with offices in Delaware that delegated its operational decision-making to the operating company. *Brewer v. SmithKline Beacham Corp.* (E.D. Pa. 2011) 774 F.Supp.2d 720, 722. Defendants removed the case, and plaintiffs sought remand. The Court addressed the issue of determining the citizenship of the holding company that was the sole member of the limited liability company, and concluded that for purposes of determining the citizenship of a limited liability company whose sole member is a holding company that does not direct or control the operations of the limited liability company, it looks to the "nerve center" of the limited liability company to which the holding company has delegated the operational decision-making. *Id.* The Court reasoned that this conclusion is based upon the rationale of the *Hertz* holding and the unusual circumstances surrounding the relationship between the limited liability company and the holding company that owns an investment in it. *Id.* It granted remand on the basis that because the defendant limited liability company's "nerve center" was located in Pennsylvania, then under 28 U.S.C. § 1441(b) (the Forum Defendant Rule), the action was not removable when any defendant is a citizen of the state in which the action was brought. *Id.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMAND

1   entities be treated like their incorporated counterparts—as citizens only of the states where each

2   is organized and maintains its principal place of business.

3        There is a fundamental disconnect between the realities of modern business conduct of

4   limited liability companies and the formalistic rules for determining their citizenship for purposes

5   of diversity jurisdiction. Limited liability companies are hybrid organizations, combining the

6   partnership characteristics of flow-through tax treatment with the corporate feature of owner

7   limited liability. Treating limited liability companies more like partnerships than corporations

8   produces illogical results – by focusing on the citizenship of a LLC's members, it may not

9   provide a federal forum when appropriate, or prevent a federal forum when inappropriate. This

10  also enables LLCs to change its citizenship frequently and rapidly, because its members might

11  change his, her, or its citizenship, thereby affecting the LLC's citizenship. An LLC's citizenship

12  is unstable, predicated on the citizenship choices of its members.

13       Plaintiffs respectfully request that this Court consider such development in the law.

14       According to a Securities and Exchange Commission Schedule 14D-9, filed because of

15  Johnson & Johnson's public offering to acquire the Mentor company in 2009, Mentor was to

16  operate as a stand-alone business unit and to remain headquartered in Santa Barbara, California.

17  Defendant Mentor's operations, decision-making, and control are located in California.

18

19  *ETHICON — Internal Audience Questions*

    *1. How will the new business be structured?*

20  Mentor will operate as a stand-alone business unit as a part of the global ETHICON franchise, will keep the Mentor name, and will remain headquartered in Santa Barbara, California. Currently ETHICON has three business units: ETHICON Products; Johnson & Johnson Wound Management and ETHICON Women's Health & Urology.

21       It was also noted to operate as an individual business unit of the Ethicon franchise, thereby

22  making its own operational decisions.

23  *3. Will Mentor still be headquartered in Santa Barbara ?*

    Mentor will operate as an individual business unit of the ETHICON franchise and maintain its current headquarters in Santa Barbara. Many other J&J business units headquarters (Animas, Depuy, etc) continue to be located where

24  they were prior to their acquisition.

25

26       California recognizes a special form of business entity known as a "limited liability

27  company". Calif. Corps. Code § 17701.01 et seq. LLCs resemble both partnerships and

28  corporations. *Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006) 437 F.3d 894, 899.

On policy grounds, this rule fails to account for the similarities between corporations and limited liability entities, instead treating them like partnerships for diversity purposes. A "limited liability company is a hybrid business entity formed under the Corporations Code consisting of at least two members who own membership interests. The company has a legal existence separate from its members. While members actively participate in the management and control of the company, they have limited liability for the company's debts and obligations to the same extent enjoyed by corporate shareholders." *Capon v. Monopoly Game LLC* (2011) 193 Cal.App.4th 344, 357. "A limited liability company is designed to achieve the best of all worlds for some persons—the limited liability of a corporation plus the favorable tax treatment of a partnership. The members of a limited liability company are like shareholders of a corporation in that they are not personally liable for the debts of the company." *International Flavors and Textures, LLC v. Gardner* (W.D. Mich. 1997) 966 F.Supp. 552, 553.

The traditional theory is that federal diversity jurisdiction was intended to protect out-of-state residents from the bias that they might experience, or at least fear that they might face, in state courts. *Padilla v. AT & T Corp.* (C.D. Cal. 2009) 697 F.Supp.2d 1156, 1157. This situation here conflicts with the traditional theory- Defendant Mentor's Removal alleges it is a citizen of New Jersey due to its limited liability company status, but it would not face bias in California state court because California is the State where all of Mentor's connections are located. *Removal, ¶* 5. Defendant Mentor has its headquarters, principal place of business, decision making, and operations located in California, as well as its designing, researching, manufacturing, testing, marketing, advertising, distributing, and selling portions of its company, at the very least.

Defendant Mentor could reasonably expect to defend a lawsuit in California state court, only hiding behind its limited liability company status to deflect lawsuits in California state court brought by California Plaintiffs, who were injured in California. The current state of the law creates a method enabling Defendant Mentor to remove a case to federal court, despite that all information points to them operating and conducting business in California. As such, Plaintiffs maintain that Defendant Mentor should be deemed a California citizen, as alleged in the

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMAND

Complaint, for diversity purposes. *Complaint,* ¶ 17 (Defendant Mentor Worldwide LLC is incorporated under the laws of California, and has its places of business and headquarters in California).

According to the Statement of Information filed on November 12, 2013 with the California Secretary of State, Mentor Worldwide LLC is (1) organized in Delaware, (2) has its Principal Executive Office at 5425 Hollister Avenue, Santa Barbara, California 93111, and (3) its sole Manager or Member is listed as Ethicon, Inc., located at 5425 Hollister Avenue, Santa Barbara, California 93111. According to the Statement of Information filed on November 12, 2015 with the California Secretary of State, Mentor Worldwide LLC is (1) organized in Delaware, (2) has its Principal Office at 201 Mentor Drive, Santa Barbara, California 93111, and (3) its sole Manager or Member is listed as Ethicon, Inc., located at 201 Mentor Drive, Santa Barbara, California 93111.

The Johnson & Johnson corporate family structure includes a multitude of wholly-owned subsidiaries and affiliated companies all over the world, including Mentor Worldwide, LLC. *Complaint,* ¶ 21. Pursuant to the corporate family tree of Johnson & Johnson, Defendant Ethicon is a subsidiary of Johnson & Johnson. *Complaint,* ¶ 23. Under the terms of the acquisition of Defendant Mentor, *Defendant Mentor was expected to operate as a stand-alone business unit* reporting through Ethicon, Inc., a Johnson & Johnson company. *Complaint,* ¶ 23. Upon information and belief, Defendant Mentor is a wholly-owned subsidiary of Defendant Johnson & Johnson, and a *subsidiary* of Ethicon, Inc. On January 23, 2009, Mentor was acquired by Johnson



9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMAND

& Johnson and is a *stand-alone business unit* reporting through Ethicon, Inc., a Johnson & Johnson company and leading provider of suture, mesh, hemostats and other products for a wide range of surgical procedures.[10] *Complaint,* ¶ 19, 23. In summary, Defendant Johnson & Johnson, through its subsidiary Defendant Ethicon, Inc., acquired Defendant Mentor; Defendant Mentor, a California citizen, is a wholly-owned subsidiary of Defendant Johnson & Johnson. *Complaint,* ¶ 19.

Defendant Mentor operates out of California, and has, or at all relevant times in the past had, branches that reside throughout California, namely Mentor Corporation, located in Santa Barbara, California; Mentor Worldwide, located in Irvine, California; Mentor Inc., located in Bakersfield, California; Mentor International, located in San Francisco, California; and Mentor Medical Network, Inc., located in San Diego, California. Mentor itself notes that it moved its headquarters to Santa Barbara, California in 1985.

Complete diversity should not exist in this action. Plaintiffs are citizens of California, and all events and occurrences surrounding the action happened in California. Additionally, Defendant Mentor should be considered a citizen of the State of California. Defendant Mentor has a wide-spread presence in California that cannot be denied, based on its extensive, substantial, continuous, and systematic contacts throughout the State of California.

Plaintiff respectfully request that this Court consider the information presented above and grant remand to the Los Angeles Superior Court.

B. **Removal Violates the Forum Defendant Rule**

The Forum Defendant Rule, codified as 28 U.S.C. § 1441(b)(2), prohibits Defendant Mentor, provided it is deemed a California citizen, from removing this action. Because Mentor, the alleged California forum-defendant, is considered a party for the purpose of determining the propriety of removal in this action, and was properly joined and served, Mentor cannot show that this Court has subject matter jurisdiction over this action. Under the Forum Defendant Rule, a

---

[10] http://www.mentorwwllc.com/about/about_history.htm , last visited March 9, 2017.

case is not removable, even if diversity exists, if a properly joined and served defendant is a citizen of the State in which the action is brought.[11] 28 U.S.C. § 1441(b)(2). Defendants seeking to remove must comply with certain procedural mandates.

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served as defendants is a citizen of the State in which such action is brought*.

28 U.S.C. § 1441(b)(2) (emphasis added). Therefore, "the presence of a local defendant at the time removal is sought bars removal." *Spencer v. U.S. Dist. Ct. N.D. Cal. (Altec Indus., Inc.)*, 393 F.3d 867, 870 (9th Cir. 2004). This confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); *Global Transactions, LLC v. Global Spectrum Pico Pte., Ltd.*, No. CIV.A. 12-7208, 2013 WL 842712, at *4 (E.D. Pa. Mar. 7, 2013). Violations of the forum defendant rule constitute a defect to removal. *Id.*

In *Lively,* Defendant-Appellant Wild Oats Market, Inc. appealed the district court's order remanding the case, after it removed the case to the Central District of California on the basis that the parties were completely diverse and the amount in controversy exceeded $75,000.00. *Lively v. Wild Oats Markets, Inc.* (9th Cir. 2006) 456 F.3d 933, 935. After discovery was initiated and Wild Oats Market, Inc. filed a motion for summary judgment, the district court issued an order to show cause why the case should not be remanded, on the basis that the "'removal appear[ed] to be improper' because Wild Oats' principal place of business was California, not Colorado." *Id.* at 936. While Plaintiff-Appellee Lively did not object to removal, which is a distinction from this action, the district court, acting *sua sponte*, concluded that diversity jurisdiction did not exist because Wild Oats Market, Inc. was a citizen of California, and remanded the action to state court. It noted that removal was improper "because Wild Oats, a California citizen and local defendant, violated the forum defendant rule contained in § 1441(b). The court determined that

---

[11] "The purpose of the "properly joined and served" language is to prevent one form of gamesmanship—improper joinder—the court finds that allowing defendants to engage another type of gamesmanship—a hasty filing of a notice of removal—is demonstrably at odds with Congressional intent." *Sullivan v. Novartis Pharmaceuticals Corp.* (D.N.J. 2008) 575 F.Supp.2d 640, 647

this violation 'constitute[d] a jurisdictional defect' and therefore remand was 'timely and proper' pursuant to § 1447(c)." *Lively v. Wild Oats Markets, Inc.* (9th Cir. 2006) 456 F.3d 933, 936–37.

Provided that this Court treats Defendant Mentor as a California citizen, removal is improper in violation of the forum defendant rule. 28 U.S.C. § 1441(b). Consequently, this Court should remand the action to state court for lack of subject matter jurisdiction.

## IV.   CONCLUSION

Accordingly, Plaintiffs respectfully request that this Court consider the arguments presented above, and remand this action back to Los Angeles Superior Court, on the basis that Defendant Mentor, an alleged California citizen, has not carried its burden for removal. Furthermore, this action should be remanded because diversity jurisdiction does not exist under 28 U.S.C. § 1332, since Plaintiffs are California citizens and Defendant Mentor should be considered a California citizen, and Defendant Mentor's removal violates the forum defendant rule if it is considered a California citizen.  28 U.S.C. § 1441(b)(2).

Dated: April 4, 2017

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze
Jaime E. Moss
**LENZE MOSS, PLC**

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system this 4th day of April, 2017.


<u>/s/ Jennifer A. Lenze</u>
Jennifer A. Lenze