UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-1747 DMG (KSx)** | Date | August 17, 2017 |
| Title | ***Rexina Mize, et al. v. Mentor Worldwide LLC, et al.*** | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [41]**

Plaintiffs first filed this action in Los Angeles County Superior Court in February 2017, and Defendant Mentor Worldwide LLC ("Mentor") timely removed the case to federal court in March 2017 on the basis of diversity jurisdiction. [Doc. ## 1, 1-2.] On April 25, 2017, Plaintiffs filed the now-operative First Amended Complaint ("FAC"). [Doc. # 23.] Currently before the Court is Plaintiffs' Motion for Leave to file a Second Amended Complaint (the "Motion"), which was filed on July 5, 2017. [Doc. # 41.]

Pursuant to the Federal Rules of Civil Procedure, leave "'shall be freely given when justice so requires' . . . unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party." *Ross v. Pioneer Life Ins. Co.*, 545 F. Supp. 2dc 1061, 1064–65 (C.D. Cal. 2008) (quoting Fed. R. Civ. P. 15(a)). When the requested amendment would destroy diversity, it is within the Court's "sound discretion" to permit amendment in light of six factors—necessity of joinder, statute of limitations, timing of request for leave, motive for joinder in light of jurisdictional concerns, validity of claims, prejudice to plaintiff from denial of joinder—which the Court should consider "as a whole." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011, 1013 (N.D. Cal. 2000).

Mize seeks leave to amend her complaint to add as a defendant Dr. Neal Handle, M.D., the surgeon who implanted the allegedly defective breast implants that caused the injuries that form the basis of this action. Motion at 6–7. She also plans to add causes of action for medical battery and failure to obtain informed consent in connection with Dr. Handle's alleged conduct. *See* Proposed Second Amended Complaint at ¶¶ 280–301 [Doc. # 41-2]. Mize contends she discovered the information that permits Dr. Handle to be named as a defendant on June 30, 2017. Lenze Decl. at ¶¶ 3–6 [Doc. # 41-1].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-1747 DMG (KSx)** | Date | August 17, 2017 |
| Title | *Rexina Mize, et al. v. Mentor Worldwide LLC, et al.* | Page | 2 of 2 |

      The Court has considered the parties' moving papers and the factors for joinder and amendment, and concludes that amendment is warranted. Mentor makes much of the fact that Mize executed certain consent forms in connection with the implant surgery, copies of which were supposed to have been given to her. Opposition at 7–10 [Doc. # 43]]; Rawlin Decl. at ¶ 8 [Doc. # 43-1]; Exhibits A–C to Rawlin Decl. [Doc. ## 43-2–43-4]. Those arguments fail to persuade the Court that joinder is improper given Mize's apparent theory of the case—that she was never provided with those documents and was only privy to information about the implants themselves. *See* Reply at 9–10 [Doc. # 45]. Further, the doctor appears to be a necessary party under Federal Rule 19(a); the claims against him are not time-barred under California's discovery rule, Cal. Civ. Proc. Code § 340.5; the Motion was filed soon after Plaintiff's counsel learned of the new and relevant information; the substance of the putative claims against Dr. Handle suggest that Mize's motive for the instant Motion are not improper; and requiring Mize to proceed in two separate, largely overlapping lawsuits would prejudice her and would waste both the parties' and judicial resources.

      Dr. Handle is a California citizen for purposes of jurisdiction, and his addition to the action destroys diversity jurisdiction. When the joinder of a defendant would destroy subject matter jurisdiction based on diversity, "the court may deny joinder, or permit joinder and remand the action to State Court." 28 U.S.C. § 1447(e). The Court thus **GRANTS** the Motion. **Mize shall e-file the second amended complaint within three days from the date of this Order.** Thereafter, the Clerk shall **REMAND** the action to the Los Angeles County Superior Court.

      In light of this ruling, Mentor's pending motion to dismiss [Doc. # 26] and Mize's motion to strike [Doc. # 35] are **DENIED without prejudice as moot**.

**IT IS SO ORDERED.**